UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MATTHEW T. WEAVER,<br><br>    Petitioner,<br><br>v.<br><br>ICIO WARDEN CARLIN,<br><br>    Respondent. | Case No. 3:10-CV-00295-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Respondent's Motion for Partial Summary Dismissal, seeking dismissal of Claims One, Two, Three, and Five on procedural grounds. (Dkt. 19.) Petitioner Matthew Weaver has filed a Motion to Proceed Forward and Deny Respondent's Motion for Partial Summary Dismissal, and Respondent has filed a Response. (Dkt. 21, 22.)

Having reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that the decisional process would not be significantly aided by oral argument. Therefore, in the interest of avoiding further delay, the Court shall decide this matter on the written motions, briefs and record without oral argument. D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

Petitioner Matthew T. Weaver (Petitioner) and his wife Frances were charged with and convicted of felony injury to child, regarding injuries to their minor son, in the Third Judicial District Court in Canyon County, Idaho. (State's Lodging A-1.) After serving time in prison, Petitioner was granted a new trial because of an erroneous jury instruction. (State's Lodgings B-2 to B-4.) Petitioner chose to represent himself at his second trial, was convicted of the charge, and sentenced to a term of incarceration of eight years determinate with two years indeterminate (with credit for time served on the prior vacated conviction). (State's Lodgings C-1, p. 78; C-7, pp. 1268, 1285-88.)

On direct appeal, Petitioner's counsel, Greg Silvey, filed an opening brief for Petitioner. (State's Lodging D-4.) Petitioner disagreed with counsel's strategy on appeal, and terminated his representation. (State's Lodging D-5.) Petitioner filed various motions to augment the appellate record and to augment the appellate briefing. (State's Lodgings D-9, D-12, D-19, D-21, D-22, D-25.) Petitioner's motions to augment were denied, but Petitioner was permitted to file a supplemental brief addressing new claims not included in the appellate brief filed by counsel. (State's Lodging D-27.) Petitioner's supplemental brief raised 189 issues and subparts. (*Id*.; State's Lodgings D-43, p. 8.)

In addressing Petitioner's briefing, the Idaho Court of Appeals determined that Petitioner had waived all claims for which he failed to provide supporting argument in his supplemental brief. (The Court of Appeals made it clear that Petitioner did not have to provide legal citations, but only supporting argument, in his brief.) (State's Lodging D-43,

**MEMORANDUM DECISION AND ORDER - 2**

p. 8 n.2.)

The Court of Appeals addressed the merits of two claims raised in counsel's initial brief, and it addressed the merits of only five of 189 claims raised in the pro se supplemental brief: (1) whether Petitioner's waiver of counsel was valid; (2) whether the trial court erred in admitting evidence that Petitioner had previously been convicted of and served prison time for the same offense; (3) whether the trial court erred in denying Petitioner's motion to dismiss the indictment based upon instructional error at the grand jury proceedings; (4) whether the State was required to dismiss the indictment and "begin anew" after his case was remanded for retrial; (5) whether the trial court erred in denying Petitioner's request to remove his squeaky leg restraint at trial to avoid having jurors hear or see it; (6) whether the state presented perjured testimony; and (7) whether the trial court erred by denying Petitioner's motion for funds to hire expert witnesses. (State's Lodging D-43.)

The Court of Appeals denied relief on all claims considered. (*Id*.) Petitioner filed a petition for review, motion to amend judgment, and brief. (State's Lodgings D-44 to D-46.) The Idaho Supreme Court denied the petition for review on April 9, 2008. (State's Lodging D-47.) The Court of Appeals issued its remittitur the same day. (State's Lodging D-48.)

On May 22, 2008, Petitioner filed an application for post-conviction relief in the state district court. (State's Lodging E-1, p. 1.) The application was dismissed on February 24, 2011. (State's Lodging E-1, p. 2.) Petitioner did not file an appeal.

**MEMORANDUM DECISION AND ORDER - 3**

Petitioner's current federal Petition for Writ of Habeas Corpus was filed on June 14, 2010. (Dkt. 3.) Respondent's Motion for Partial Summary Dismissal is now at issue.

## STANDARD OF LAW

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In such case, the Court construes the facts in a light most favorable to the petitioner. It is appropriate for the Court to take judicial notice of court dockets from state court proceedings. Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it as a federal claim to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim. 28 U.S.C. § 2254(b)(2).

State remedies are considered technically exhausted, but not *properly* exhausted, if a petitioner failed to pursue a federal claim in state court and there are no remedies now available. *Boerckel,* 526 U.S. at 848. A claim may also be considered exhausted, though not properly exhausted, if a petitioner pursued a federal claim in state court, but the state

**MEMORANDUM DECISION AND ORDER - 4**

court rejected the claim on an independent and adequate state law procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991). Under these circumstances, the claim is considered "procedurally defaulted." *Coleman,* 501 U.S. at 731. A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted from the default, or, alternatively, that the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *Id.*

### DISCUSSION OF PROCEDURAL DEFAULT

**1.     Claim One**

Claim One is that the prosecution altered, destroyed, or withheld various items of evidence. For example, the State admitted to having destroyed, under the guise of its evidence retention policy, several items of evidence between the first and second trials. (Dkt. 3, p. 2; Dkt. 3-1, pp. 1-3; Dkt. 3-3.)

This is one of the claims that the Idaho Court of Appeals declined to address in its decision because Petitioner failed to support the claim with adequate argument in his pro se supplemental appellate brief, thus waiving the claim. (State's Lodging D-43.) A review of Petitioner's supplemental brief shows that he raised the issue as follows: "Did Canyon County Prosecution error [sic] or prejudice pro-se Defendant by destroying and/or not producing favorable positive evidence." (State's Lodging D-27, p. 2.) Petitioner included 17 supporting paragraphs outlining different types of evidence or error. (*Id.*, pp. 2-6.) In most of these paragraphs, he included a citation to the record. However, he failed to

**MEMORANDUM DECISION AND ORDER - 5**

include in his brief any statement showing how the trial court resolved the claim or issue. He further failed to include any facts or argument about how the resolution of the claim or issue by the state district court harmed his defense.

For example, Claim One, subpart 1 is "Prosecutor Virginia Bond admitted on court record of destroyed evidence [sic]." (D-27, p. 2.) Petitioner then lists what was destroyed and when it was destroyed in relation to the filing of his post-conviction case. (*Id*.) Petitioner then cites to the trial transcript. If one turns to the transcript, it shows that the trial court denied Petitioner's pretrial "Amendment to Motion for Time Extension," where Petitioner was arguing that the State destroyed relevant evidence, but he could not show that the State attorneys had notice of his civil post-conviction action before the destruction. Thus, the brief does not provide facts about how the issue was handled by the state district court, and it includes no argument showing how and why the handling of the issue was erroneous. Particularly, it includes no argument as to how the alleged error harmed Petitioner's defense.

After Respondent filed a response brief asking the Idaho Court of Appeals to disregard Petitioner's supplemental brief because the issues were not supported by argument and authority (State's Lodging D-27), Petitioner filed a reply brief with a section entitled, "Argument." (State's Lodging D-30.) Not only is it improper to present new argument in a reply brief, even if such argument were deemed properly presented,[1]

---

[1] Idaho law is clear that issues raised for the first time in a reply brief will not be addressed on appeal. *Hernandez v. State*, 905 P.2d 86, 88 (1995); *State v. Raudebaugh*, 124

**MEMORANDUM DECISION AND ORDER - 6**

Petitioner's "argument" consisted only of several statements that the destruction of the evidence "prejudiced" his case; there were no supporting facts showing how his defense was prejudiced. (*Id.*)

Respondent argues that the state procedural bar for failing to provide sufficient argument to support one's appellate issues has been regularly and consistently applied by the Idaho appellate courts. The Court agrees.

"'In order to constitute adequate and independent grounds sufficient to support a finding of procedural default, a state rule must be clear, consistently applied, and well-established at the time of the petitioner's purported default.'" *Martinez v. Klauser*, 266 F.3d 1091, 1093-94 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). Where there is "an absence of prior authority supporting the [state court's] decision" and the decision appears "contrary to [state] law," the decision does not rest on a "clear, consistently applied, and well-established" state procedural rule, and the procedural default may not be applied to bar consideration of the merits of a petitioner's claim in a federal habeas corpus action. *Id*. The State bears the ultimate burden of proving the adequacy of a state procedural bar to preclude federal habeas relief. *Bennett v. Mueller*, 322 F.3d 573, 585 (9th Cir. 2003); *Hill v. Roe*, 321 F3d. 787, 790 (9th Cir. 2003).

In *Drake v. Craven*, 672 P.2d 1064, 1066 (Idaho Ct. App. 1983), the court found

---

Idaho 758, 763, 864 P.2d 596, 601 (1993).

**MEMORANDUM DECISION AND ORDER - 7**

that Drake provided insufficient argument to warrant a merits review where he provided only the following statement of issue, without further argument: "Did the court err in denying relief to the appellant upon appeal wherein the County Commissioners refused the appellant's application for a subdivision?" The Court of Appeals pointed out that "this statement of issue is really nothing more than a general invitation to search the record for error. It does not identify any findings of fact, statements of law, or application of law to facts, that are assertedly in error."

In determining that the presentation was insufficient, the *Drake* court relied on Idaho Appellate Rule 35(a), requiring that "[t]he brief of the appellant shall contain ... (3) ... [a] list of the issues presented on appeal, expressed in terms and circumstances of the case ... [which] shall fairly state the issues presented for review." The Idaho Court of Appeals interpreted that rule to mean "that an appellant must identify specific issues to be presented on appeal and present supporting argument with citations to the authorities, statutes and parts of the transcript and record upon which he relies." *Id*. at 1066 (citing *Cox v. Mountain Vistas, Inc*., 102 Idaho 714, 719 (footnote 4), 639 P.2d 12, 17 (1981)). Idaho's "adequate argument" rule has been regularly and consistently applied. *See Zichko v. Idaho*, 247 F.3d 1015, 1021 (9th Cir. 2001) (citing Idaho cases).

Here, the Court finds that Petitioner provided slightly more briefing than the *Drake* appellant, but still less than the appellate courts require to deem an issue fairly presented for adjudication. Under *Drake*, the brief statement of this issue in Petitioner's pro se supplemental appellate brief does *not* provide the Idaho Court of Appeals with what it

**MEMORANDUM DECISION AND ORDER - 8**

needs to address the issue. In this instance, the Idaho Court of Appeals stands on firm ground in refusing to address this issue without adequate briefing, especially considering the fact that Petitioner had before him a model of proper briefing in the appellate brief prepared by his counsel before Petitioner fired him. (State's Lodging D-4.)

The Court concludes that Respondent has met the burden to show that the Idaho appellate courts regularly and consistently apply Idaho Appellate Rule 35(a), as interpreted by case law, to require an adequate argument to support any issue or claim in one's appellate brief. Not only does Petitioner's brief require the Court to comb through the record to determine how the issue was ruled upon by the state district court, the brief is also devoid of supporting argument or a showing of harm or prejudice. Petitioner's attempts to supplement his argument with bald statements of the standard of law in his reply do not cure the deficiency in his supplemental brief. Accordingly, Claim One is procedurally defaulted, and the merits cannot be heard absent a showing of cause and prejudice or a miscarriage of justice.

2.      **Claim Two**

Claim Two is that the prosecution made false representations at the second trial regarding the plea agreement he and Frances entered into during the first trial proceedings. (Dkt. 3, p. 2; Dkt. 3-1, pp. 7-8.) Petitioner raised this issue in his pro se supplemental appellate brief under the general category of "Objections Recorded on Trial Errors," as: "Frances lied to jurors that she never seen the plea agreement [sic], that was a trial exhibit, but her signature was on the plea agreement"; and "Prosecutors further lied

**MEMORANDUM DECISION AND ORDER - 9**

to jurors stating the plea agreement they released to defense was not the actual agreement." (State's Lodging D-27, p. 23.) Both statements contained a reference to the trial transcript, but nothing further. The reply brief alleges that admission of this evidence in this manner "chang[ed] the outcome of the trial," but provides nothing more than this bare statement. (State's Lodging D-30, p. 6.)

This is another of the claims that the Idaho Court of Appeals declined to address in its decision because Petitioner failed to support the claim with adequate argument, thus waiving the claim. (State's Lodging D-45.) Based on *Drake*, *Zichko*, and the reasoning above, the Court concludes that this claim is procedurally defaulted.

### 3.    Claim Three

Claim Three is that (a) the grand jury received erroneous instructions, (b) grand jury tapes were taken from his cell and destroyed, (c) Petitioner was denied access to the court to file a motion to dismiss the Indictment, and (d) the State was required to "file a motion to change or amend the old original Indictment." (Dkt. 3, p. 3; Dkt. 30-1, pp. 11-13.) Petitioner raised these issues in his pro se supplemental brief in the same limited fashion described above. (State's Lodging D-27, pp. 5-6, 11, 13.)

The Idaho Court of Appeals addressed only Claims Three(a) and (d) because the other two subparts were not properly presented on appeal for the same reasons stated above. (State's Lodging D-43, pp. 8-9.)

Petitioner did not present any constitutional grounds for Claim Three(a) in his supplemental brief (State's Lodging D-27, pp. 5-6), but mentioned "due process" in his

**MEMORANDUM DECISION AND ORDER - 10**

reply brief (D-30, ¶ 26). The Court of Appeals did not address Claim Three(a) on federal grounds. (State's Lodging D-43.) Idaho law is clear that issues raised for the first time in a reply brief will not be addressed on appeal. *Hernandez v. State*, 905 P.2d 86, 88 (1995); *State v. Raudebaugh*, 124 Idaho 758, 763, 864 P.2d 596, 601 (1993).

However, even if presentation of the "due process" claim in the reply brief were proper, federal habeas corpus exhaustion principles make it clear that general references in state court to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to properly exhaust a federal claim. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). Therefore, Claim Three(a) was not fairly presented as a constitutional claim to the Idaho Court of Appeals.

Petitioner brought Claim Three(d) as a "Sixth Amendment and Equal Protection" claim in his supplemental brief. (D-27, p. 11.) However, Claim Three(d) was presented in the petition for review on state grounds, but not as a federal claim. (State's Lodging D-46, ¶ 79.) For all of these reasons, every subpart in Claim Three is procedurally defaulted.

4.      **Claim Five**

Claim Five is that Petitioner was denied access to the courts. (Dkt. 3, p. 4.) Petitioner included this claim in his pro se supplemental appellate brief as a "constitutional" claim. (State's Lodging D-27, p. 17.) This is one of the claims that the Idaho Court of Appeals declined to address in its decision because Petitioner failed to support the claim with adequate argument, thus waiving the claim. (State's Lodging D-45, p. 8.) The Court agrees that the claim was insufficiently briefed for the reasons set forth

**MEMORANDUM DECISION AND ORDER - 11**

above. As a result, it is procedurally defaulted.

## EXCEPTIONS TO PROCEDURAL DEFAULT

**1.     Standard of Law**

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

If a petitioner cannot show cause and prejudice for his procedural default, he can still bring the claim in a federal habeas petition if he demonstrates that failure to consider the claim will result in a "fundamental miscarriage of justice," which means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. at 496. To satisfy this standard, a petitioner must make a colorable showing of factual innocence. *Herrera v. Collins*, 506 U.S. 390, 404 (1993).

"Actual innocence" requires that one make a colorable showing that he is factually, not merely legally, innocent of the charges. *Id.*, 506 U.S. at 404. If a petitioner brings forward new evidence not presented at trial that tends to show his innocence, the Court must then determine whether, "in light of the new evidence, no juror, acting

**MEMORANDUM DECISION AND ORDER - 12**

reasonably, would have voted to find [the defendant] guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Types of evidence "which may establish factual innocence include credible declarations of guilt by another, *see Sawyer v. Whitley*, 505 U.S. 333, 340 (1992), trustworthy eyewitness accounts, *see Schlup*, 513 U.S. at 331, and exculpatory scientific evidence." *Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996).

**2.      Discussion**

In response to the Motion for Partial Summary Dismissal, Petitioner argues that, on September 6, 2007, the state appellate court granted his August 16, 2007 "Motion to Augment Additional Authority to Appellant's Supplemental Brief and Notice" (State's Lodging D-31), allowing him to supplement his supplemental brief with additional authority and argument on direct appeal. (Dkt. 21, p. 2, 3.) This argument can be construed as argument that his claims are not procedurally defaulted, or that his procedural default should be excused.

In his Motion, Petitioner argued that the State had destroyed or prevented him from obtaining case law to support his argument. (State's Lodging D-31.) Petitioner provided several pages of supplemental case law citations attached to his Motion. (*Id.*) However, Petitioner provided no argument, which means that he again failed to explain to the Idaho Court of Appeals how and why the state district court rulings were erroneous and how his defense was harmed. Again, why Petitioner thought this was an appropriate way to present his claims, when he had access to a "model" brief that his counsel prepared, is unclear. In addition, the Court of Appeals made it clear that, because

**MEMORANDUM DECISION AND ORDER - 13**

Petitioner was a pro se inmate, it was not the absence of case law, but the absence of argument (a simple statement of the "hows" and "whys" based on facts), that caused the default of his claims. (State's Lodging D-43, p. 8 n.2.)

Petitioner has not made any other arguments that his claims are not procedurally defaulted or that the procedural default of his claims should be excused under either the cause and prejudice exception or the miscarriage of justice exception (Dkt. 21), and no factual basis for the exceptions is readily apparent from a review of the record. Accordingly, Claims One, Two, Three, and Five will be dismissed with prejudice, and Petitioner will be permitted to proceed only on Claim Four.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Partial Summary Dismissal (Dkt. 19) is GRANTED.

2. Petitioner's Motion to Request All Issues to Proceed Forward and for the Dismissal of Respondent's Motion for Partial Summary Dismissal (Dkt. 21) is DENIED.

3. Petitioner may proceed on Claim Four. The parties shall file any summary judgment motions on the remaining claim no later than 120 days after entry of this Order. For clarification purposes, Petitioner may, but is not required to file a motion for summary judgment, but he must respond to Respondent's motion for summary judgment.

**MEMORANDUM DECISION AND ORDER - 14**



DATED:  **March 9, 2012**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge